# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**Rachel Denton,**

   **Plaintiff,**

**v.**                                                      **Case No.:**

**Affordable Dentures & Implants
- St. Petersburg II, P.A.,**

   **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Rachel Denton** ("Plaintiff"), by and through the undersigned counsel,

hereby sues Defendant, **Affordable Dentures & Implants – St. Peterburg II, P.A.**,

("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages and other relief pursuant to Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*; the Florida Civil Rights

Act of 1992 ("FCRA"), Fla. Stat. §760.01 *et seq.*; and the Florida Private Whistleblower

Act ("FWA"), Fla. Stat. §448.102.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 (federal

question) and 28 U.S.C. §1367 (supplemental jurisdiction).

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Pinellas County, which lies within the Middle District of Florida.

## PARTIES

4. At all times, Plaintiff was a resident of Hillsborough County, Florida.

5. At all relevant times, Plaintiff was employed by Defendant as a Dental Assistant at Defendant's St. Petersburg, Florida location.

6. Defendant is a Florida professional association with a principal place of business in Pinellas County, Florida, and was Plaintiff's employer as defined under Title VII, the FCRA, and the FPWA.

7. Defendant is authorized and doing business in the State of Florida.

8. Although Defendant has claimed in administrative proceedings that it employs fewer than 15 employees, it is part of an integrated enterprise of dental clinics operating under the "Affordable Dentures & Implants" brand across Florida.

9. Under the Eleventh Circuit's "integrated enterprise" test, courts consider four factors: (1) common ownership; (2) centralized control of labor relations; (3) interrelated operations; and (4) common business purpose. *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999); *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir. 1987).

10. Defendant shares branding, business operations, human resource protocols, and ownership with other Florida-based Affordable Dentures locations and,

2

therefore, meets the 15-employee threshold for coverage under Title VII and the FCRA.

## GENERAL ALLEGATIONS

11. Plaintiff has satisfied all conditions precedent, or they have been waived.

12. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

13. Plaintiff requests a jury trial for all issues so triable.

14. At all times material hereto, Plaintiff was an "employee" within the meaning of the FPWA, Fla. Stat. § 448.102, the FCRA, and Title VII.

15. At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Fla. Stat. § 448.102, the FCRA, and Title VII.

## FACTS

16. Plaintiff worked for Defendant as a Dental Assistant from on or around June 3, 2024 until her unlawful termination on or around January 3, 2025.

17. Plaintiff is female.

18. Throughout her employment, Plaintiff was subjected to sexual harassment, including inappropriate comments, lewd gestures by management, and a hostile work environment.

19. Plaintiff's supervisor, Dr. Andel Sinanan, subjected Plaintiff to sexual advances and inappropriate sexual comments.

20. For example, on or about October 8, 2024, as Hurricane Milton approached the Tampa Bay area, Dr. Sinanan texted Plaintiff saying "Unreal. This

things (sic) turning for us" and included a link with a description stating, "National Weather Service Hurricane advisory update for Riverview."  When Plaintiff clicked the link, it took her to an explicit image of a large, naked man sitting on a bed with his penis exposed.

21.    Such obnoxious behavior was consistent from Dr. Sinanan, who hid behind the guise of just making jokes.

22.    Dr. Sinanan's sexual jokes, comments, and behavior persisted on a weekly, if not daily, basis and was a constant, inescapable element in the workplace.

23.    Furthermore, Plaintiff's supervisor made explicit sexual comments towards her colleagues about patients and their bodies.  He also made sexual gestures in front of Plaintiff.

24.    Such comments and gestures were not innocuous or isolated; they were a frequent and offensive part of Plaintiff's workday.

25.    Dr. Sinanan's conduct was both severe and pervasive, and it created a hostile work environment in which Plaintiff felt intimated and offended.

26.    Plaintiff objected to Dr. Sinanan's conduct, calling it unacceptable and demanding he provide contact information for Defendant's Human Resources department.

27.    Plaintiff made multiple complaints—both verbally and in writing, including via text messages—to her supervisor and others in management.

28.    In addition to the sexual harassment, Plaintiff reported serious safety concerns involving her sister's boyfriend, who made violent threats including threats of sexual violence.

29.    Plaintiff informed Dr. Sinanan that she needed to take off work in order to take legal action to protect herself and/or her sister from domestic violence.

30.    Dr. Sinanan responded that Plaintiff had to come to work and he would not allow her to take a leave of absence.

31.    Plaintiff informed Dr. Sinanan that Florida law (Fla. Stat. § 741.313) provides a right to miss work in order to take legal action to protect oneself or a family member from domestic violation.

32.    Nevertheless, Dr. Sinanan informed Plaintiff she would be terminated if she took off work to seek a protective order.

33.    Plaintiff informed Defendant that their actions were illegal and objected to them.

34.    Plaintiff informed Defendant that she would be pursuing legal action against Defendant for its violations of law, specifically Fla. Stat. § 741.313.

35.    Accordingly, Plaintiff engaged in protected activity under the FPWA.

36.    Defendant failed to take any remedial action in response to Plaintiff's protected complaints.

37.    Plaintiff called off work on or about January 3, 2025, to attend court and obtain an injunction for protection against her sister's boyfriend, who had been found hiding inside her home that same day.

38.     That same day, in direct retaliation to her protected activity, Defendant terminated Plaintiff's employment, citing vague concerns that she was "not a good fit."

39.     Plaintiff was terminated in direct retaliation for engaging in protected activity under Title VII, the FCRA, and the FPWA, including complaints of sexual harassment and seeking legal protection from domestic violence.

40.     Plaintiff was terminated due to opposing violations of rules, laws, and/or regulations that Defendant was engaging in.

41.     Defendant terminated Plaintiff's employment under pretext.

## <u>COUNT I – FLORIDA PRIVATE WHISTLEBLOWER ACT VIOLATIONS</u>

42.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 42 of this Complaint as though fully set forth herein.

43.     Plaintiff engaged in protected activity as defined by the FPWA.

44.     Plaintiff's employment was terminated by Defendant as a result of engaging protected activity under the FPWA.

45.     Plaintiff was injured due to Defendant's violations of the FPWA, to which entitled plaintiff to legal and injunctive relief.

   **WHEREFORE**, Plaintiff requests that this Court:

   (a) Enter an injunction restraining continued violation of the FPWA;

   (b) Direct Defendant to reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

   (c) Direct Defendant to reinstate Plaintiff' s full fringe benefits and seniority rights;

(d) Award compensation for lost wages, benefits, and other remuneration;

(e) Award any other compensatory damages, including emotional distress, allowable by law; and

(f) Award reasonable attorney's fees and costs to Plaintiff.

## COUNT II – SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

46.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 42 of this Complaint as though fully set forth herein.

47.   Plaintiff is a member of a protected class based on her sex (female).

48.   Plaintiff was subjected to unwelcome sexual conduct, including sexually explicit comments and behavior by her supervisor, creating a hostile work environment.

49.   The harassment was severe and pervasive enough to alter the terms and conditions of Plaintiff's employment.

50.   Defendant knew or should have known of the harassment and failed to take prompt and effective remedial action.

51.   Defendant's actions constitute unlawful sexual harassment in violation of Title VII.

52.   As a direct and proximate result, Plaintiff suffered damages including lost wages, emotional distress, and other compensable harm.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT III — TITLE VII RETALIATION

53. Plaintiff realleges and readopts the allegations of paragraphs 1 through 42 of this Complaint, as though fully set forth herein.

54. Plaintiff is a member of a protected class under Title VII due to her sex.

55. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

56. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

57. Defendant has taken material adverse action against Plaintiff.

58. Defendant's actions were willful and done with malice.

8

59.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under Title VII;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT IV – SEXUAL HARASSMENT IN VIOLATION OF THE FCRA

60.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 42 of this Complaint as though fully set forth herein.

9

61.    Plaintiff is a member of a protected class based on her sex (female).

62.    Plaintiff was subjected to unwelcome sexual conduct, including sexually explicit comments and behavior by her supervisor, creating a hostile work environment.

63.    The harassment was severe and pervasive enough to alter the terms and conditions of Plaintiff's employment.

64.    Defendant knew or should have known of the harassment and failed to take prompt and effective remedial action.

65.    Defendant's actions constitute unlawful sexual harassment in violation of the FCRA.

66.    As a direct and proximate result, Plaintiff suffered damages including lost wages, emotional distress, and other compensable harm.

**WHEREFORE**, Plaintiff demands:

(k) A jury trial on all issues so triable;

(l)  That process issues and that this Court take jurisdiction over the case;

(m)    An injunction restraining continued violation of law enumerated herein;

(n) Compensation for lost wages, benefits, and other remuneration;

(o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(p) Compensatory damages, including emotional distress, allowable at law;

(q) Punitive damages;

(r) Prejudgment interest on all monetary recovery obtained;

(s) All costs and attorney's fees incurred in prosecuting these claims; and

(t) For such further relief as the Court deems just and equitable.

## COUNT V – FCRA RETALIATION

67. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 42 of this Complaint as though fully set forth herein.

68. Plaintiff is a member of a protected class under the FCRA due to her sex.

69. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

70. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

71. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

11

(d)  Award liquidated damages to Plaintiff;

(e)  Award reasonable attorney's fees and costs to Plaintiff; and

(f)  Additional relief to which Plaintiff is entitled, including equitable

relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 6th day of April, 2026.

Respectfully submitted,

/s/ Chad A. Justice_____
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**SAMUEL DOXSEE**
Florida Bar Number: 127318
Direct No. 813-566-0550
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**

12